THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **WENDELL R. GRIMES** | * | **CIVIL ACTION NO. 05-1082** |
| **Versus** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Petitioner, Wendell R. Grimes ("Grimes"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability, disability insurance benefits, and supplemental security income. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the decision of the Commissioner be **AFFIRMED, and this matter dismissed with prejudice**.

Background & Procedural History

Grimes filed his application for disability insurance benefits on October 28, 2003. On September 11, 2003, he protectively filed his first application for Supplemental Security Income payments. His claims were denied initially and a hearing before ALJ W. Thomas Bundy was held on February 15, 2005 in Monroe, Louisiana. Grimes has a high school education and past work experience as a cook, carpenter, house mover, roofer, insulator, laborer, and dishwasher. Grimes was 42 years old at the time of his hearing. He alleges that he became disabled on June 10, 2003, due to type 2 diabetes, high blood pressure, acute pancreatitis, vision problems, a torn

1

ligament in his left knee, right arm loss of strength, lower back disc problems, arthritis, and fatigue. The ALJ found that Grimes had severe impairments, consisting of degenerative disc disease of the knees and spine, and diabetes mellitus, but that the impairments did not meet or medically equal one of the listed impairments. Grimes was assessed with a residual functional capacity ("RFC") to perform the full range of sedentary work and found not disabled within the meaning of the Social Security Act. The ALJ's determination was made on March 23, 2005, and the Appeals Council affirmed the decision on April 29, 2005. Grimes appealed the decision by filing a Complaint in this Court on June 21, 2005.

Grimes argues that the ALJ erred in failing to acknowledge that Grimes suffered from a herniated disc in his low back, in requiring Grimes to prove by objective medical evidence the extent of his pain, and in refusing to accord great weight to Grimes' testimony regarding his pain. The issue before this court is whether the decision of the ALJ is supported by substantial evidence.

Standard of Review; Substantial Evidence

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Secretary of Health and Human Services has established a five-step sequential evaluation process for ALJs to utilize in determining whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The United States Court of Appeals for the Fifth Circuit, in *Loza v. Apfel*, succinctly summarized this evaluation process:

> The first two steps involve threshold determinations that the claimant is not presently engaged in substantial gainful activity and has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. In the third step, the medical evidence of the claimant's impairment(s) is compared to a list of impairments presumed severe enough to preclude any gainful activity. If the claimant's impairment matches or is equal to one of the listed impairments, he qualifies for benefits without further inquiry. If the person cannot qualify under the listings, the evaluation proceeds to the fourth and fifth steps. At these steps, analysis is made of whether the person can do his own past work or any other work that exists in the national economy, in view of his age, education, and work experience. If he cannot do his past work or other work, the claimant qualifies for benefits.

219 F.3d 378, 390 (5th Cir. 2000) (internal citations omitted). The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). If at any point during the five-step review the ALJ finds the claimant disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

**Analysis**

Grimes argues that the ALJ erred because the ALJ did not mention that Dr. Timothy Spires diagnosed Grimes with a herniated disc at L4-5. Grimes argues that the ALJ could not have truly addressed his pain and ability to work because the ALJ failed to consider that Grimes had a ruptured disc in his back. This argument lacks merit. In his opinion, the ALJ did acknowledge Grimes' diagnosis. On page three of his opinion, the ALJ states that Grimes has a "small right paracentral posterior disc protrusion at L4-5." (Tr. 13). This specific diagnosis was made by Dr. Tahir Qayyum, a radiologist, after Grimes underwent an MRI on August 3, 2004. (Tr. 117). Grimes argues that the ALJ failed to address the diagnosis made by Dr. Spires on September 23, 2004. On September 23, 2004, Dr. Spires, progress notes reveal the following:

| | |
|---|---|
| **Present Illness**: | Follow-up of right knee. He did not get a MRI of the knee. He is using a cane. Lower back constantly hurts. Some mornings, he cannot get out of bed from his back and the pain will radiate to his right buttock. |
| **Physical Examination**: | The join is swelling. The right knee has a 2+ effusion. Range of motion 0 to 110. Diffuse |

4

|  |  |
|---|---|
|  | tenderness. *MRI of the back is reviewed and shows herniated nucleus pulposus at L4-5 on the right.* |
| **Impression**: | Right knee synovitis, probable internal derangement. Herniated nucleus pulposus at L4-5. |
| **Plan**: | Discussed treatment options with the patient. I feel it best to have the back evaluated prior to any further evaluation of the knee. He has an appointment with Dr. Nanda and he will follow-up here PRN. |

(emphasis added) (Tr. 125).

The ALJ referred to the herniated disc at L4-5 in accordance with the more specific statement made by the radiologist rather than in the more general terms used by Dr. Spires. However, the diagnosis was the same by both physicians, and the ALJ did not err in using the more precise language of the radiologist to describe the condition.

Furthermore, Dr. Spires' progress notes show that he examined Grimes again on October 28, November 5, and November 15, 2004 prior to Grimes' knee surgery on November 17, 2004; and that during these examinations Dr. Spires did not mention Grimes' back diagnosis or any concerns regarding back pain. (Tr. 122-24).

Grimes also argues that "[t]he ALJ offers no specific findings for rejecting the Claimant's testimony regarding the extent of his pain, reported no inconsistencies in the record, and made no suggestion that the Claimant was malingering. There is therefore no clear and convincing specific finding to reject the pain testimony. This is reversible error." (Doc. #5 - pg. 9). The Fifth Circuit does not require the "clear and convincing" standard to uphold the ALJ's credibility finding. In the Fifth Circuit, the ALJ must make a finding of credibility based on specific

evidence. *See Scharlow v. Schweiker*, 655 f.2d 645 (5th Cir. 1981). The ALJ's decision shows that the ALJ considered Grimes' complaints of pain. The ALJ stated that

> The claimant's contentions of pain have been afforded full consideration. A thorough review of the objective medical evidence of record failed to demonstrate the presence of any pathological clinical signs, significant medical finds, or any neurological abnormalities which would establish the existence of a pattern of pain of such severity that would contraindicate claimant's engaging in all substantial activity. ... The Administrative Law Judge recognizes that the claimant may experience some degree of discomfort from time to time but this is not inconsistent with the performance of sedentary work activity. Neither the objective medical evidence nor the testimony of the claimant establishes that the ability to function has been so severely impaired as to preclude all types of work activity.

(Tr. 14). Grimes must show "objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged." *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir.1989). The mere existence of pain is not an automatic ground for obtaining disability benefits. *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985). Furthermore, not all pain is disabling and the fact that Plaintiff cannot work without some mild or moderate pain or discomfort will not render a claimant disabled. *Richardson v. Bowen*, 807 F.2d 444, 448 (5th Cir. 1987). Pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment to be considered disabling. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).

The record supports the ALJ's finding that Grimes' records lack objective signs of disabling pain. Subjective complaints of pain must be corroborated by objective medical

evidence. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). On November 19, 2003, imaging scans at LSU Health Science Center revealed that Grimes had no significant joint space narrowing in either knee. In addition, the views of Grimes' lumbar spine showed no fracture, dislocation, or subluxation. The views did show anterior spurring end plate sclerosis and disc space narrowing at T12-1, but that was consistent with degenerative change. (Tr. 101). A subsequent November 21, 2003, report indicated zero left knee instability, good lower extremity strength, and only mild crepitus at the medial left joint line. (Tr. 97). Grimes did undergo left knee surgery in June 2004 and right knee surgery in November 2004. (Tr. 121, 127). Grimes was placed in physical therapy, but he only went to the initial session and did not return. (Tr. 141). His right lower extremity MMT scores were: Psoas: 5/5, Quads: 4/5, Hamstring 4/5, and all other muscles were 5/5. Grimes had a minimum amount of laxity and swelling in the right knee. (Tr. 142). Grimes was discharged from physical therapy because he failed to comply with the therapy attendance policy. (Tr. 141). At Grimes' last evaluation of his knee on December 28, 2004, he had 1+ effusion and range of motion was 0-125 degrees and stable. (Tr. 120). Furthermore, despite his pain and knee impairments, no physician pronounced Grimes disabled.

Grimes has failed to prove that he has disabling pain, or that the ALJ's determination was not supported by substantial evidence; therefore, **IT IS RECOMMENDED** that the **Commissioner's decision to deny benefits be AFFIRMED, and that this civil action be DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of July, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE